No. 462.

## MARY MARKHAM *v.* JACOB J. SCHARDT.

This is a suit to annul the judgment homologating the proceedings of a family meeting recommending, and the order appointing, defendant as the tutor of certain minors.

It was not incumbent on said defendant, in order to be appointed, to allege or show that there were no relatives of the minors in the State entitled to the tutorship.

It is the duty of the relatives residing within the parish of the judge who is to make the appointment, to apply to such judge within a given time, to have a tutor appointed when necessary. The plaintiff in this case, who alleges to be the grand mother of the minors, resides in the distant parish of Caddo, and there is no relative in the parish of the minors.

Any one may give information to the judge of the necessity for the appointment of a tutor, but it is not necessary for such person to show who are entitled to the tutorship. If there be such in the parish, they can apply for the appointment, or make opposition to any application.

The fact that the family meeting were not unanimous in recommending the defendant, may have been a ground for opposing the homologation of the proceedings, or for the convoking by the judge of another meeting, but it is not a ground for annulling the judgment of homologation or appointment.

The appointment of a tutor without bond is authorized upon the advice of a family meeting, when no one will take the tutorship and comply with the law requiring a bond. It is shown in this instance that the minors owned no property and that the defendant had charge of them for about seven years before any of their relatives claimed the tutorship.

The grand mother of the minors could, by timely proceeding, have procured the appointment to their tutorship in preference to the defendant, but the latter having been duly appointed, she can not urge such right as a ground for his removal or the annulment of his appointment.

APPEAL from the Parish Court, parish of Morehouse. *Wheeler, J.*

*S. G. Parsons*, for plaintiff and appellee. *Newton & Hall*, for defendant and appellant.

HOWELL, J. Plaintiff, the grand mother of the minors Hannah and Lizzie Baird, sues to annul the judgment homologating the proceedings of a family meeting recommending the order appointing defendant as the tutor of said minors, on the grounds :

*First*—Because the defendant neither alleged nor proved that there were no relatives of said minors entitled by law to the tutorship.

*Second*—Because the proceeding of the family meeting were not unanimous, and were therefore illegally homologated.

*Third*—Because the defendant has not given bond, nor alleged that no one else is willing to accept the tutorship.

*Fourth*—The father, mother, and grand father of said minors are dead, and plaintiff, their grand mother, is the only relative living entitled by law to the tutorship, which she is willing to accept.

The answer sets up the appointment of defendant upon the recommendation of a family meeting, the proceedings of which were duly homologated, and the issuance to him of letters of tutorship, and contains matters of special defense, and a demand for a bond to be given by plaintiff, if appointed, in favor of defendant for expenses incurred in behalf of the minors.

From a judgment in favor of plaintiff, with the condition of giving the bond demanded, the defendant has appealed.

I. It was not incumbent on the defendant to allege or show that there were no relatives of the minors in the State entitled to the tutorship. Article 308, R. C. C., declares it the duty of the relatives, residing within the parish of the judge who is to make the appointment, to apply to such judge, within a given time, to have a tutor appointed when necessary. The plaintiff in this case resides in the distant parish of Caddo, and there is no relative in the parish of the minors.

By article 312, any one may give the information to the judge of the necessity for the appointment of a tutor, but it it is not necessary for such person to show who are entitled to the tutorship. If there be such in the parish they can apply for the appointment or make opposition to any application. See also C. P. article 957.

II. The fact that the family meeting were not unanimous in recommending the defendant, may have been a ground for opposing the homologation of the proceedings or the convoking by the judge of another meeting, but it is not a ground for annulling the judgment of homologation or appointment. There is no provision of law making such event a cause of nullity.

III. Article 271, R. C. C. authorizes the appointment of a tutor without bond, upon the advice of a family meeting, when no one will take the tutorship and comply with the law requiring a bond; and it is shown that the defendant had charge of the minors for about seven years before any of their relatives made themselves known, and that only by the application of this plaintiff for the tutorship. The family meeting in this case recommended that the defendant be dispensed from giving bond, as it was shown that the minors owned no property. C. P. 957.

IV. The grandmother, by timely proceeding, could have procured the appointment in preference to the defendant, but the latter having been duly appointed, she can not urge such right as a ground for his removal or the annulment of his appointment.

We think it unnecessary to discuss the questions raised in regard to previous condition and marriage of the parents and grand parents of the minors.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendant, dismissing plaintiff's demand with costs in both courts.

Rehearing refused.