CLARINGTON E. TAYLOR *vs.* THE SUPERIOR COURT.

JULY 7, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Certiorari. Guardian and Ward. Action by Ward in own Person Abatable, but Amendable.*

Where a person of full age, under guardianship, filed in his own person, in a Probate Court, a claim against an estate, and within six months after disallowance of the claim brought suit against the administrator, also, in his own person, the Superior Court had jurisdiction to grant the motion of the guardian for leave to intervene and to amend the process and declaration, although such motion was made after the expiration of the time prescribed by statute for instituting action against an administrator.

The acts of a ward not prohibited by law, when beneficial to him, are legal, and the claim of the ward was properly filed by him in the Probate Court.

The suit by the ward was not a nullity, but one capable of being ratified and validated by the guardian, if in his opinion for the benefit of the ward, and being brought within the statutory period, and having been ratified by the guardian, although originally abatable as it was brought, under the ample powers of amendment contained in Gen. Laws 1909, cap. 285, § 4, the court had authority to permit the amendments to be made.

CERTIORARI.   Denied and dismissed.

DUBOIS, C. J.   Petition for writ of ' *certiorari*, hereinafter set forth, which presents for determination the question whether or not the Superior Court had jurisdiction to grant the motion of the guardian of a person of full age for leave to intervene and to amend the process and declaration in a suit pending, brought by the ward under the following circumstances:

Henry J. Ralph, a person of full age under guardianship for want of discretion in managing his estate, claiming to have rendered services to the petitioner's intestate during her lifetime, upon notification by the petitioner that he had been appointed administrator of the estate of the ward's debtor, within the time prescribed by law filed in the office of the clerk of the Probate Court of Cranston, in his own person, a claim for said services.   Within six months after the disallowance of the ward's claim by the petitioner, the ward, in his own name, brought suit to recover the sum claimed from the petitioner as administrator.   The former guardian having deceased, a successor to him was appointed, who forthwith moved in the Superior Court that he be allowed to intervene in the suit brought by his ward, in his own name, without the apparent consent of the former guardian.   This motion was granted. Thereupon the guardian further moved that he be allowed to amend the writ and declaration, filed by the ward, to conform to the requirements of the case.   This was also granted.

The petition reads as follows:

"Clarington E. Taylor of the Town of Cranston in the County of Providence and State of Rhode Island brings this his petition for a writ of *certiorari* against the Superior Court of the Coun-

36

ties of Providence and Bristol and respectfully represents unto Your Honors:—

"1.   That on, to wit, the 26th day of September, A. D. 1907, said petitioner was appointed by the Probate Court of the Town of Cranston, a court of competent jurisdiction in the premises, as administrator of the estate of Nancy R. Mathewson, late of said Cranston, deceased, and qualified in accordance with law as said administrator.

"II.   That on, to wit, the 5th day of October, A. D. 1907, said petitioner made first publication of notice of his qualification as said administrator in manner required by law.

"III.   That on, to wit, the 13th day of November A. D. 1907, one Henry J. Ralph filed in the office of the Probate Court of said Town of Cranston a claim against said estate of Nancy R. Mathewson for the payment of money to him.

"IV.   That on, to wit, the 15th day of February, A. D. 1908, within the period of time prescribed by statute in that case made and provided said petitioner as said administrator disallowed said claim of said Henry J. Ralph and gave said claimant notice thereof in manner required by law.

"V.   That on, to wit, the 8th day of May, A. D. 1908, said Henry J. Ralph instituted suit against said petitioner as said administrator upon said claim disallowed in manner as aforesaid by his writ issued by and from and returnable to said Superior Court.

"VI.   That on, to wit, the 20th day of May, A. D. 1908, said writ and the declaration thereunto annexed was returned to said Superior Court and is numbered 24446 therein.

"VII.   That on, to wit, the 26th day of May, A. D. 1908, and within the period of time prescribed by statute in that case made and provided said petitioner as said defendant entered in said Superior Court a plea in abatement of said writ for that said plaintiff at the commencement of said suit was and still was under a guardianship of his person and estate by virtue of a decree of the Probate Court of the Town of Cranston, a court of competent jurisdiction in the premises.

"VIII.  That on, to wit, the 15th day of August, A. D. 1908, the period of time prescribed by statute in that case made and provided wherein suit could be brought by said Ralph or by his guardian or by any other person in his behalf on said claim disallowed as aforesaid terminated.

"IX.  That on, to wit, the 17th day of February, A. D. 1909, after the expiration of the period of time in which suit might be brought on said claim disallowed as aforesaid as prescribed by statute in that case made and provided said plaintiff, Henry J. Ralph, purporting to act by and through his attorneys, without traversing said plea in abatement filed in the office of the Clerk of said Superior Court a motion in writing that he be allowed to amend his writ and declaration in the following particulars:—

" 'That William R. Sherman, of Providence, guardian of the person and estate of said plaintiff, be made a party plaintiff in the above entitled action, so that said writ as amended will read 'Henry J. Ralph, who sues by William R. Sherman as guardian of his person and estate' and that a similar amendment be permitted in the declaration in said case.'

"X.  That on, to wit, the 27th day of February, A. D. 1909, said motion came on to be heard by and before Mr. Justice Tanner in said Superior Court and against the objection of said petitioner as said defendant was granted by Mr. Justice Tanner.

"XI.  That on, to wit, the 4th day of October, A. D. 1909, said petitioner as said defendant filed in the Supreme Court of the State of Rhode Island a petition for a writ of certiorari against said Superior Court upon the ground that said Superior Court was without jurisdiction to grant, permit and allow said plaintiff to amend his writ and declaration in manner aforesaid for reasons therein set forth.

"XII.  That on, to wit, the 17th day of December, A. D. 1909, said Supreme Court granted said writ of certiorari.

"XIII.  That on, to wit, the 22nd day of December, A. D. 1909, said Supreme Court entered judgment on said writ of certiorari that said proceedings of said Superior Court be

quashed for the reasons set forth in the opinion of said SU-
PREME COURT thereon.

"XIV.   That on, to wit, the 16th day of January, A. D. 1910,
said petitioner filed his first and final account as said adminis-
trator and his petition for an order of distribution of said es-
tate of Nancy R. Mathewson in said Probate Court of the Town
of Cranston.

"XV.   That on, to wit, the 11th day of February, A. D.
1910, said Probate Court allowed said account and entered an
order for the distribution of said estate of said intestate of
said petitioner, among the next of kin.

"XVI.   That on, to wit, the 9th day of February, A. D. 1910,
one Thomas F. Cooney, claiming to be the guardian of the
person and estate of said Henry J. Ralph filed in the office
of the clerk of said Superior Court a petition in writing that he
be allowed to intervene in said alleged suit of Henry J. Ralph,
notice of which petition came on to said petitioner on the 12th
day of February, A. D. 1910.

"XVII.   That on, to wit, the 12th day of February, A. D.
1910, said petition of said Thomas F. Cooney came on to be
heard by and before Mr. Justice Tanner in said Superior Court
and against the objection of said defendant was on, to wit, the
4th day of March, A. D. 1910, granted by said Superior Court.

"XVIII.   That said Superior Court was without jurisdic-
tion to grant, permit and allow said petitioner Thomas F.
Cooney to intervene in the prosecution of said alleged suit in
manner as aforesaid for that ·

"I.   Said plaintiff, Henry J. Ralph, being a person under
guardianship of his person and estate was legally incompetent
to file said claim in the office of the clerk of the Probate Court
of the Town of Cranston and that said filing of said claim by
him was and is null and void and a nullity in law.

"II.   Said plaintiff, Henry J. Ralph, being a person under
guardianship of his person and estate was legally incompetent
to institute said action at law or to appoint an attorney to
institute said action and that the institution of said action in

manner as aforesaid was and is null and void and a nullity in law.

"III.   Said allowance of intervention was in effect the substitution of a new plaintiff in place of a plaintiff who had no existence in contemplation of law and of a new cause of action for an apparent cause of action which was null and void and of no legal effect after the expiration of the period of time prescribed by statute in that case made and provided wherein said new plaintiff could and might have instituted the action which he was permitted by said Superior Court to substitute in manner as aforesaid.

"IV.   Said guardian was then barred by the statute of limitations in that case made and provided from instituting and maintaining such action as he was by said Superior Court permitted to substitute in manner as aforesaid.

"V.   Said alleged declaration filed by and in behalf of said Henry J. Ralph does not state a legal cause of action in that it does not allege that such claim was ever filed in the Probate Court of the Town of Cranston, the court of competent jurisdiction in the premises, within the period of time prescribed by the statute in that case made and provided.

"XIX.   That said petitioner as said administrator is by law entitled to be free from all suits or actions at law not brought by parties competent to be plaintiffs and suits brought either *de novo* or by substitution after the expiration of the period of time prescribed by the statute in that case made and provided, to wit, six months after the notice of the disallowance of a claim but notwithstanding said right said Superior Court required and still does require said petitioner as said administrator and as said defendant in said cause to subject himself and said estate to the trouble and expense of defending himself in an expensive trial by jury and possible subsequent proceedings to the manifest injury of said estate, the delay in the settlement of the account of said petitioner as said administrator and the obstruction of justice.

"XX.   That said Superior Court in its proceedings relative to said cause acted erroneously, unlawfully and without juris-

diction and its records thereof are erroneous and illegal in the several particulars herein recited and apparent thereon upon which your petitioner will rely for support.

"WHEREFORE your petitioner prays that this Court will issue its writ of *certiorari* to said Superior Court of the Counties of Providence and Bristol to certify the records relating to the matter of said cause to this COURT that the same or so much thereof as may be wrong, erroneous and illegal may be quashed and that pending the adjudication thereof an order may be entered by this COURT directed to said Superior Court prohibiting said Superior Court from proceeding farther therein."

We are of the opinion that none of the reasons advanced by the petitioner, in support of his contention that the Superior Court exceeded its jurisdiction, are valid.

(1)     The claim of the ward was properly filed by him in the Probate Court. The acts of a ward, not prohibited by law, when beneficial to him, are legal. The guardian could have used the ward as a messenger to file the claim, or the guardian could have filed the same himself. In either event the claim filed would be the claim of the ward for services performed by him for the decedent. See *Mitchell* v. *Peoples Bank*, 20 R. I. 500; Under the provision of C. P. A. § 883, the law in force at the time of the filing of said claim: "All persons having claims, including pending suits, preferred claims, and claims of the executor or administrator, against the estate of a deceased person shall file statements of their claims in the office of the clerk of the probate court." The statute was literally complied with and its purpose accomplished when notice to the representative of the deceased debtor was given according to law in a manner that is held to be "equivalent to the service of process upon a defendant so as to subject the executor or administrator to the jurisdiction of the court or other tribunal, and give validity to the judgment or allowance that may follow." 2 Woerner Adm. § 397, and cases cited. The suit is not a nullity. We held in Taylor *v.* The Superior Court, 30 R. I. 200 at p. 204, regarding the suit in question: "The suit was therefore improperly brought by the ward in his own name, was

improperly maintained by him, and was improperly amended in his behalf," but we also said: "The question of whether the unauthorized acts of the ward can be ratified and validated by the guardian is a question not presented in this case." The question is now brought squarely before us. We have never said, and never intended that we should be understood as saying, that the suit is a nullity. The suit was abatable as it was brought, maintained, and amended, because these acts were severally done by, or at the request of, the ward, without the concurrence of his guardian. But the suit never has been abated, and the guardian, at last, has arrived and has moved for leave to intervene and amend the process and pleading, which motions have been granted by the Superior Court. What harm has been done thereby, and in what particular has the defendant cause for complaint? For want of discretion in the management of his estate, Henry J. Ralph was subjected to guardianship and became a ward. Therefore it is not to be presumed that he is capable of judging whether such a suit is or is not for his benefit. As was said in *Hamilton* v. *Colwell*, 10 R. I. 39, respecting infants and persons of full age under guardianship: "Both are incapable of contracting; and we see no reason why one should render himself liable for costs, or appoint an attorney, more than the other." But if he has a valid claim for services against the estate of the defendant's intestate, whereof a statement has been duly filed in the office of the clerk of the Probate Court, and if such claim has been disallowed by the defendant, such a suit, if brought within the statutory period, fixed for the bringing of such suits, would be distinctly for his benefit. But of this he is not permitted to be the judge, as the law has placed a guardian over him whose judgment supplants his. Nevertheless, he filed his claim and attempted to employ attorneys, who brought his suit within the proper time, and it now appears that his guardian is of the opinion that it was for the benefit of his ward to have attorneys employed to institute such a suit, and, such a suit having been instituted, that the same should be maintained, and that the employment of said attorneys and their acts in the prem-

ises should be ratified and validated as if the original employment and acts thereunder had been at the request of and with the approval of said guardian. Who is to be injured thereby? Not the ward, whose interest it is the duty of all tribunals to conserve. Not the defendant, for if he has a good defense to the action when tried upon its merits, he will not only obtain judgment, but will also recover his costs, which he could not if the suit were abated for the reason set out in his plea; and if he has no valid defense against the claim of the plaintiff, he can not complain if judgment should be rendered against him. In the case of *Young* v. *Young*, 3 N. H. 345, the court held: "It is well settled, that it is a good plea in abatement of the writ, that the demandant or plaintiff, who sues without a guardian or next friend, is an infant—Chitty's Pl. 436.—2 Saunders 117, f. note (1)—Tidd's Prac. 69—7 Johnson 373, Schemerhorn *vs.* Jenkins.—2 Saunders 212.—Comyn's Digest, Pleader 2. C. 1.

"But it is very clear, that the writ may be amended. I Cowen 33; Ex Parte Scott,—2 Saunders 212, and notes.— Tidd's Prac. 69–72. Leave to amend granted." See also *Drago* v. *Moso*, 1 Spears S. C. 212; *Hicks* v. *Beam*, 112 N. C. 642.

In the case of *Kinney* v. *Harrett*, guardian, 46 Mich. 87, it appeared that the defendant in error brought suit in ejectment as guardian of certain persons, averring in her declaration that as such guardian she was possessed of certain described real estate, and also that the title to said lands is in her said wards in fee simple, and that, being so possessed, the plaintiffs in error entered and unlawfully withheld, etc. To this declaration a plea in bar was interposed, but on the trial the point was made that the guardian could not maintain ejectment in her own name, but must sue in the name of the wards. The court held that the suit was improperly brought, but that the guardian is only a nominal party, and as the title of the wards is fully set out in the declaration, the court might permit an amendment. The record was therefore remanded to give opportunity for

a motion to amend. In *Boyd* v. *Conklin,* 54 Mich. 593, the foregoing doctrine was approved.

In *Mitchell* v. *Peoples Savings Bank, supra,* this court said: "The only remaining question is whether the suit should have been brought in the name of Paulina Mitchell or of Daniel Mitchell as her conservator. The form of action is not directed by the statute. The title to the property, however, is in said Paulina Mitchell; and, in the absence of statutory authority to the guardian or conservator to bring suit in his own name, we are of the opinion that it should have been brought in her name, by her conservator. But this is at the most a formal irregularity; for the suit in either case would be for the benefit of the ward, and the addition of the name of said Paulina Mitchell as a party plaintiff would not be treated as a material amendment, as it would affect no substantial right. The action then, under the statute, would be commenced by the foreign guardian in the same way and with the same effect as if brought by a domestic guardian. *Vincient* v. *Starks et al.,* 45 Wis. 458 (461–2)."

Under the ample powers of amendment contained in Gen. Laws, 1909, cap. 285, § 4, the Superior Court had undoubted authority to permit said amendments to be made.

As the claim was properly filed, and the suit, which we have decided was not a nullity, but one capable of being ratified and validated by the guardian, if, in his opinion, it was for the benefit of his ward, was brought within the statutory period, and the same has been ratified, validated, and amended so as to show that it is now the suit of the ward maintained with the concurrence of his guardian, it follows that the third and fourth objections of the petitioner are unsound. As to the fifth objection, that the declaration is defective in certain particulars, the same is not tenable in this proceeding.

For the foregoing reasons, the petition must be denied and dismissed.

*Edward M. Sullivan,* for petitioner.

*Cooney and Cahill,* for respondent.