María del Carmen del Moral y Nadal, peticionaria, *v.* La Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandada.

No. 729.—*Sometido:* Noviembre 3, 1930. *Resuelto:* Noviembre 10, 1930.

*Alfredo Arnaldo,* abogado de la peticionaria; *José Sabater,* abogado del tutor nombrado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Por virtud de un auto de *certiorari* que libramos a instancia de doña María del Carmen del Moral y Nadal nos han sido remitidos por la Corte de Distrito de Mayagüez los autos seguidos ante ella sobre declaración de incapacidad de doña Carmen Nadal Vda. de del Moral, mayor de setenta años, para administrar sus bienes, y para que se le nombrase tutor.

La petición inicial de esos autos se limitó a exponer los hechos referentes al estado mental de doña Carmen Nadal pero en la súplica se solicitó que hecha la declaración de incapacidad de dicha señora se le nombrase tutor, cuyo nombramiento recaería en su hijo don Francisco del Moral. La corte oyó a un perito médico y declaró la incapacidad solicitada, y en la misma resolución nombró a don Francisco del Moral tutor de doña Carmen como su hijo mayor. Poco tiempo después la peticionaria ante nosotros presentó moción a la corte de distrito interesando que anulase el nombramiento de tutor que había hecho alegando que infringía el Código Civil de acuerdo con el cual el cargo de tutor le correspondía a ella por ser la hija mayor de doña Carmen, como justificaba con documentos, y porque nadie había solicitado por escrito dicho nombramiento ni se había presentado

declaración jurada para ello. La corte se negó a anular el nombramiento hecho y entonces fué presentado el auto de *certiorari* que vamos a resolver.

Disponen los artículos 250 y 256 del Código Civil que no se puede nombrar tutor a los locos, dementes y sordomudos mayores de edad sin que preceda la declaración hecha por la corte de distrito de su domicilio de que son incapaces para administrar sus bienes: que la tutela de esas personas corresponde sucesivamente al cónyuge, al padre, y en su caso, a la madre, a los hijos, a los abuelos y a los hermanos con la preferencia del doble vínculo y que si hubiere varios hijos o hermanos será preferido el mayor al menor. Por su parte el artículo 240 dice que el cargo de tutor no es renunciable sino en virtud de causa legítima debidamente justificada. Tal es nuestra ley substantiva, que modificó nuestro anterior Código español en el particular que confería la tutela al mayor de los hijos varones mientras que ahora la otorga al mayor de los hijos sin distinción de sexo.

En cuanto al procedimiento para hacer el nombramiento de tutor, disponen los artículos 74 y 75 de la Ley de procedimientos legales especiales que cuando un menor o incapacitado no sujeto a patria potestad no tuviese tutor nombrado en testamento, se le proveerá de él a instancia de parte, acreditando ésta con declaración jurada el expresado extremo, así como cuál es la persona de las relacionadas en los artículos 248 a 256 del Código Civil, según los casos, a quienes corresponda la tutela, o que carece de todos ellos; y que acreditados esos extremos en la forma dicha nombrará la corte al pariente a quien corresponda la tutela y a falta de éstos a una persona de reconocida probidad, etc.

Ese procedimiento no ha sido seguido en este caso, pues aunque la moción sobre declaración de incapacidad en cuya súplica se solicitó el nombramiento de tutor está jurada, no se consignaron en ella los requisitos exigidos por los artículos citados y se limitó a decir que tal nombramiento debía recaer en don Francisco del Moral, sin consignar bajo juramento

que él es el mayor de los hijos de doña Carmen Nadal Vda. de del Moral, si es que dado el estado de viudez y de edad de dicha señora podía prescindirse de manifestar que no tenía padres vivos.

*Por el expresado defecto de procedimiento la resolución de la corte nombrando tutor a don Francisco del Moral debe ser anulada para que se siga el procedimiento determinado por la ley.*

El Juez Asociado Señor Texidor no intervino.