José A. Domínguez, demandante y apelante, *v.* Carmen Nadal Viuda de Del Moral, sustituída en apelación por su Sucesión y su Albacea y Administrador Judicial Esteban Ferrer, demandada y apelada.

No. 6042.—*Resuelto:* Septiembre 29, 1934.

*Guerra Mondragón & Soldevila,* abogados del apelante; *José Sabater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

La parte demandante ha solicitado por segunda vez la reconsideración de nuestra sentencia en el caso arriba mencionado. Se insiste en que Francisco del Moral no pudo representar a la incapacitada Carmen Nadal en el procedimiento ejecutivo que iniciara y tramitara dicha señora, representada por el Sr. del Moral, quien entonces actuaba como tutor, contra el demandante en este caso, José A. Domínguez. Se alega este fundamento como motivo de nulidad. La opinión emitida por nosotros resolviendo la cuestión planteada dice así:

"Francisco del Moral fué designado tutor de doña Carmen Nadal por nombramiento judicial, que aceptó y desempeñó hasta que esta Corte Suprema declaró que de acuerdo con el Código Civil, cuando se trata de la incapacidad de un padre, el nombramiento del tutor debe recaer en el hijo mayor, sea éste varón o hembra. Cuando se tramitó el procedimiento ejecutivo cuya nulidad se pide, el Sr. del Moral actuaba como tutor de la incapacitada, en cuyo beneficio se ejercitaba el procedimiento sumario para el cobro de una

deuda. De acuerdo con el artículo 56 del Código de Enjuiciamiento Civil, cuando un menor, demente o persona incapacitada es parte en un litigio, deberá comparecer bien por medio de su tutor general o de un defensor nombrado por la corte que entienda en el asunto, en cada caso, o por el juez de la misma. Aún admitiendo que Francisco del Moral no podía desempeñar las funciones de tutor general, cuando se inició y ultimó el procedimiento ejecutivo, siempre tendríamos que la corte inferior concedió autorización a dicho señor para cobrar el préstamo hipotecario por la vía sumaria. El Sr. del Moral solicitó este permiso de la corte, y si ésta, después de haberse penetrado del propósito que se perseguía, autorizó a dicho señor del Moral para que ejercitase el procedimiento mencionado en beneficio de la incapacitada, entendemos que no procede declarar nulo dicho procedimiento, por el hecho de que el hijo mayor de doña Carmen no hubiese sido nombrado todavía tutor general de la misma. La realidad es, como dice el abogado de la parte demandada, que existía una escritura de hipoteca firmada por el demandante a favor de doña Carmen Nadal; que esa hipoteca había vencido; que el demandante no pagó el importe de la misma ni sus intereses y que por lo tanto, la acreedora tenía derecho al cobro de su crédito y que el hecho de que don Francisco del Moral representara a la incapacitada, que es su propia madre, previa autorización judicial, no puede ser motivo de nulidad, por el fundamento de que el hijo mayor de la incapacitada no había sido nombrado tutor general. El nombramiento de tutor recayó en doña María del Carmen, hija mayor de la incapacitada, y ésta ha comparecido en este caso en su carácter de tutora para oponerse a la nulidad del procedimiento ejecutivo, solicitada por el demandante. La comparecencia de la incapacitada por medio de su legítimo tutor pone de relieve su asentimiento a las actuaciones llevadas a cabo en la tramitación de dicho procedimiento por el Sr. Francisco del Moral.'' 45 D.P.R. 471, 494.

El artículo 186 del Código Civil, edición de 1930 (artículo 256, Código Civil de 1902, enmendado según la Ley No. 48 de 1930, pág. 369), fija el orden de las personas llamadas a ejercer la tutela de los locos y sordomudos y en su inciso quinto dice que "si hubiere varios hijos o hermanos, será preferido el mayor al menor". Esta corte en el caso de *Del Moral* v. *Corte de Distrito*, 41 D.P.R. 523, anuló una orden de la Corte de Distrito de Mayagüez nombrando tutor

de doña Carmen Nadal, a don Francisco del Moral, porque aun cuando la moción sobre declaración de incapacidad en que se solicitó el nombramiento de tutor estaba jurada, no se consignaron en ella los requisitos exigidos por los artículos 74 y 75 de la Ley de Procedimientos Legales Especiales, limitándose a decir que tal nombramiento debía recaer en don Francisco del Moral, sin consignar bajo juramento que este señor fuera el mayor de los hijos de doña Carmen Nadal Vda. de Del Moral. A raíz de la resolución de esta corte, María del Carmen del Moral solicitó y obtuvo el nombramiento de tutora de su señora madre.

Es de notarse que el Código Civil en su artículo 178 al fijar el orden de la tutela legítima de los menores no emancipados, dice que después de los abuelos, dicha tutela corresponde al mayor de los hermanos, etc., mientras que el mismo código en el artículo 186, al hablar de la tutela de los locos y sordomudos dice que si hubiera varios hijos o hermanos se preferirá el mayor al menor. Es decir, en cuanto a los menores no emancipados se establece rigurosamente el orden en que ha de conferirse la tutela y en cuanto a los locos y sordomudos se concede una preferencia al hermano mayor.

De modo que cuando no existan abuelos paternos y maternos y sí hermanos de menores no emancipados, la corte nombrará al mayor de estos hermanos y cuando no existan abuelos y sí hijos y hermanos de los locos y sordomudos, la corte preferirá al mayor de ellos.

Francisco del Moral, hijo de la incapacitada, fué originalmente nombrado su tutor. De acuerdo con la ley la hermana mayor tenía derecho a ser preferida. No obstante, el nombramiento recayó en el hijo varón, bajo cuya tutela Carmen Nadal Vda. de Del Moral, representada por su hijo y tutor, inició y tramitó el procedimiento ejecutivo que se pretende anular. Se trata, a nuestro juicio, de una cuestión de preferencia que no puede tener la trascendencia que le atribuye la parte demandada. No hay duda de que de no haber exis-

tido una hermana mayor, Francisco Del Moral hubiese tenido derecho a desempeñar la tutela.

El nombramiento de tutor en estas condiciones no puede llevar consigo la nulidad de un acto realizado en beneficio de la incapacitada, como el cobro de un crédito por la vía judicial. ¿A quién puede perjudicar el ejercicio de esta acción por la incapacitada, representada por su tutor? ¿Al deudor hipotecario? Seguramente que no. La comparecencia de la incapacitada por medio de su primitivo tutor no privó al deudor hipotecario de ninguna defensa. Se arguye que dentro del procedimiento sumarísimo no pudo establecerse contra la demanda la correspondiente excepción. Dudamos mucho de que esta excepción hubiese podido interponerse con éxito favorable en el curso de una acción ordinaria. Francisco del Moral actuó como tutor hasta el momento de quedar sin efecto la orden decretando su nombramiento. No cabe decretar la acción de nulidad en un caso como el presente cuando no se ha demostrado que el demandante haya sufrido perjuicio por el hecho de que la incapacitada compareciera en el juicio ejecutivo representada por su tutor original.

Hemos practicado una cuidadosa búsqueda con la esperanza de encontrar en el estudio de la jurisprudencia la solución de la cuestión controvertida. Nada hemos hallado en los comentaristas españoles que hemos consultado y en las decisiones del Tribunal Supremo de España. En la jurisprudencia de Louisiana hay un caso (*Markham* v. *Schardt*, 26 La. Ann. 703) que aunque no resuelve directamente el punto debatido, merece, no obstante, ser mencionado. Lo mismo decimos del caso *Spaun* v. *Collins*, resuelto por la Corte Suprema de Mississippi.

En el caso de *Markham* v. *Schardt*, supra, se designó como tutor de dos menores a una persona ajena a la familia, de acuerdo con el artículo 271 del Código Civil Revisado de Louisiana que autoriza el nombramiento de un tutor sin fianza, previa recomendación del consejo de familia, cuando no haya quien se haga cargo de la tutela, cumpla con la ley

y preste la garantía requerida. El referido Código Civil dispone que cuando hayan muerto los padres sin haber designado tutor, o cuando habiendo sido designado no haya sido confirmado o excusado, entonces el juez debe nombrar tutor al pariente más cercano del menor en línea directa. En caso de que haya más de un ascendiente en el mismo grado y en línea directa, pero de sexo diferente, la tutela se concederá al varón. Cuando haya más de un ascendiente en el mismo grado y en línea directa, del mismo sexo, el juez nombrará uno de ellos como tutor mediante la recomendación del consejo de familia. La abuela del menor es la única mujer que tiene derecho a reclamar la tutela por ministerio de la ley, pero no está obligada a aceptarla. Estas disposiciones aparecen comprendidas en los artículos 263, 264, 265, y 266 del Código Civil Revisado de Louisiana.

La abuela de los menores solicitó la nulidad del nombramiento basándose en que la persona que había sido designada como tutor no había alegado ni probado que los menores careciesen de familiares que pudieran hacerse cargo de la tutela, en que los procedimientos del consejo de familia no fueron unánimes, en que el tutor designado no había prestado fianza ni alegado que no había ninguna otra persona que pudiese aceptar la tutela, y en que la abuela era el único familiar sobreviviente autorizado por la ley para obtener la tutela que estaba dispuesta a aceptar. La Corte Suprema de Louisiana resolvió que la abuela pudo haber obtenido la preferencia del nombramiento si lo hubiese solicitado oportunamente, pero que habiéndose nombrado debidamente a un tutor, ella no podía hacer uso de su derecho como un motivo para destituir a dicho tutor o anular su nombramiento.

En el caso de *Spaum* v. *Collins,* 18 Miss. (10 Smedes & M.) 624, 25 Cent. Digest, Guardian and Ward, págs. 312, 313, interpretando una disposición que da preferencia al guardián natural o al pariente más cercano para ser nombrado tutor, previa solicitud, a menos que el aspirante sea manifiestamente inaceptable, se declaró que la corte puede

preferir el pariente más cercano a un extraño y que si el extraño es nombrado a petición del padre político de un hijo menor, la corte tendrá el deber, a petición del pariente más cercano, de destituir al tutor designado y nombrar a dicho pariente, cuando los pupilos son menores de catorce años.

La decisión de la Corte Suprema de Louisiana reconoce el derecho de la abuela a ser nombrada tutora, con preferencia a una persona ajena a la familia, cuando solicite el nombramiento en su oportunidad; pero le niega el derecho de obtener la destitución o nulidad del nombramiento después que esa persona ha sido debidamente nombrada.

La decisión de Mississippi reconoce en el pariente más cercano el derecho a obtener la destitución (*removal*) de un extraño que haya obtenido el nombramiento de tutor, pero no dice que pueda obtener la nulidad.

Estas decisiones demuestran cuál es la tendencia de los tribunales en la interpretación de estas leyes relacionadas con el nombramiento de tutor.

Esta corte, por cuestiones de procedimiento, anuló la orden designando a Francisco del Moral tutor de la incapacitada, pero nuestra resolución no puede tener la trascendencia de anular todos los actos realizados en el ejercicio de la tutela por este señor, quien hasta la fecha de pronunciarse nuestra sentencia actuó como tutor de la referida incapacitada.

La corte inferior, previa solicitud, autorizó a Francisco del Moral, como tutor de la incapacitada, para hacer efectivo el crédito hipotecario por la vía judicial. Promovido el juicio ejecutivo con la expresa autorización de la corte, para realizar un acto en beneficio de la incapacitada, aun en el caso de que el referido señor no fuese un tutor general, podría considerarse como un defensor judicial (*guardian at litem*) o un tutor *de facto*. En la mayoría de las jurisdicciones prevalece la regla general de que una persona incapacitada debe estar representada por su tutor general, en caso de que lo tenga, y si no por un tutor especial o *tutor ad litem*. 32 C. J. 770,

párr. 586. El término *quasi guardian,* o *guardian de son tort,* ha sido aplicado en equidad a personas que, sin un nombramiento legal, asumen las funciones de un tutor, teniendo bajo su custodia a la persona y los bienes del pupilo. *Zeldeman* v. *Molasky,* 118 Mo. App. 106, 114, 94 S. W. 754; 38 C. J. 1064, párr. 19. Un tutor *de facto* está sujeto a todos los deberes y responsabilidades de un tutor legalmente nombrado. Esto en cuanto a sus responsabilidades. *In re Smith* v. *Cameron,* 158 Mich. 174, 122 N. W. 564. También se le ha reconocido a dicho tutor el derecho de recibir una compensación equitativa por los gastos realizados en interés de su pupilo, siempre que tales gastos hubiesen sido permitidos en el caso de tratarse de un tutor legalmente nombrado. *In re, Beisel,* 110, Cal. 267, 40 p. 961, 42 p. 819. Extendiendo estos principios, basados en una razón de equidad, un tutor que hace efectivo un crédito en beneficio de su pupilo, sin ocasionar perjuicio al deudor, quizás podría considerarse también como un tutor *de facto*. Sostenemos, sin embargo, que en el procedimiento ejecutivo el Sr. Francisco del Moral actuó dentro del círculo de sus atribuciones como tutor general entonces de la incapacitada.

Dijimos en nuestra opinión original que la comparecencia en este caso de la incapacitada, por medio de su legítimo tutor, para oponerse a la nulidad del procedimiento ejecutivo pone de relieve su consentimiento a las actuaciones llevadas a cabo en la tramitación de dicho procedimiento por el Sr. Francisco del Moral. En su carácter de tutora de la referida incapacitada, alega la Sra. María del Carmen del Moral que su hermano Francisco ''radicó el relacionado ejecutivo sumarísimo contra el demandante como tutor de la demandada, con autorización de esta corte y de buena fe.'' Concluye la tutora solicitando que se desestime la demanda en que se pide la nulidad del procedimiento ejecutivo.

El demandante alega que la tutora María del Carmen del Moral no podía ratificar las actuaciones ilegales del supuesto

tutor anterior y que la ratificación de estas actuaciones no puede obligar al apelante ni privarle de ningún derecho. En nuestro sentir la conducta de la tutora legítima ratificando las actuaciones del tutor anterior dentro del procedimiento ejecutivo, puede ser un elemento a considerar en la solución de la cuestión debatida.

En *Taylor* v. *Superior Ct.,* 30 R. I. 560, 76 Atl. 644, una persona mayor de edad, colocada bajo tutela por falta de discreción para administrar sus bienes, radicó una reclamación en la corte correspondiente por servicios prestados a un finado cuyos bienes estaban bajo administración judicial. La reclamación fué denegada y entonces el pupilo estableció demanda en su propio nombre para recobrar del administrador la suma reclamada. Muerto el tutor general, su sucesor acudió a la corte para que se le permitiese intervenir en la demanda promovida por su pupilo en su propio nombre sin el aparente consentimiento del tutor anterior. La moción fué concedida y el administrador solicitó la revisión de los procedimientos por medio de un auto de *certiorari.* La corte resolvió que los actos de un pupilo, no prohibidos por la ley, cuando le benefician, son legales, expresándose en los siguientes términos:

"La demanda no es una nulidad. Nosotros sostuvimos en Taylor v. Superior Ct., 30 R. I. 200, 74 Atl. 482, con respecto a la demanda en cuestión, que la misma fué impropiamente iniciada por el pupilo en su propio nombre, impropiamente mantenida por él, e impropiamente enmendada en su favor. Pero nosotros dijimos: La cuestión de si los actos no autorizados del pupilo pueden ser ratificados y convalidados por el tutor, es una cuestión que no ha sido presentada en este caso. La cuestión se ofrece ahora de una manera franca a nuestra consideración. Nosotros no dijimos y nunca intentamos que se interpretasen nuestras palabras en ese sentido, que la demanda es una nulidad. La demanda pudo ser abatida en la forma en que fué iniciada, mantenida y enmendada porque los actos fueron separadamente ejecutados por el pupilo, o a su ruego, sin la concurrencia de su tutor. Pero la demanda no fué abatida, y el tutor al fin ha comparecido y solicitando permiso para interve-

nir y enmendar los procedimientos, cuya moción ha sido concedida por la corte superior. ¿Qué daño se ha irrogado y en qué particular tiene el demandado motivos para querellarse? Por falta de discreción en la administración de sus bienes, Henry J. Ralph fué colocado bajo tutela y se convirtió en un pupilo. Por lo tanto, no debe presumirse que él fuese capaz de juzgar si la demanda establecida redundaba o no en su beneficio . . . . . De esto él no puede ser el juez, puesto que la ley ha colocado un tutor sobre él cuyo criterio debe prevalecer. Sin embargo, él radicó su reclamación y empleó abogados que promovieron la demanda a su debido tiempo y ahora aparece que su tutor opina que los abogados fueron contratados y la demanda instituída en beneficio de su pupilo y que tal demanda, después de establecida, debe ser mantenida y ratificadas y convalidadas las actuaciones de los abogados, como si los mismos hubiesen sido originalmente empleados a ruego y con la aprobación de dicho tutor. ¿A quién se ha ocasionado perjuicio? No es ciertamente al pupilo, cuyo interés es el deber de los tribunales proteger. Tampoco al demandado, porque si él tiene una buena defensa contra la acción cuando se juzgue en sus méritos, él no solamente obtendrá sentencia sino que también recobrará las costas, que no podía obtener si la demanda hubiese sido abatida, y si él no tiene una defensa válida contra la reclamación del demandante, tampoco puede querellarse de que se haya dictado sentencia contra él . . . . . .''

La opinión de la Corte Suprema de Rhode Island termina con las siguientes palabras:

''Puesto que la reclamación fué debidamente radicada y la demanda, que según hemos declarado no era una nulidad, pudiendo ser capaz de ratificación y convalidación por el tutor, si en su opinión redundaba en beneficio de su pupilo, fué promovida dentro del período señalado por la ley, habiendo sido ratificada, convalidada y enmendada en el sentido de demostrar que es la demanda del pupilo mantenida con la concurrencia de su tutor, hay que concluir que las objeciones tercera y cuarta del peticionario son inaceptables.''

Como ya dijimos antes, dudamos mucho de que la demanda hubiese podido ser excepcionada y abatida en el caso de que se hubiese reclamado el pago del crédito hipotecario por medio de una acción ordinaria. Nos inclinamos a creer que

tal excepción no hubiese prosperado. Repetimos que el procedimiento ejecutivo iniciado y tramitado a nombre de la incapacitada por medio de su tutor no puede ser anulado por el hecho de que se hubiese dejado sin efecto la orden decretando su nombramiento. El Sr. del Moral actuó entonces como tutor de su señora madre en el ejercicio de la tutela. A mayor abundamiento, la tutora legítima, últimamente nombrada, ha comparecido en este pleito aceptando y ratificando las actuaciones del tutor anterior.

En cuanto a los demás puntos tratados en la nueva moción de reconsideración, nos atenemos a las conclusiones establecidas en nuestra opinión original.

*No ha lugar a la reconsideración solicitada.*